Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1205 | **DATE** | 8/11/2004 |
| **CASE TITLE** | USA ex rel. Sheila Daniels vs. Callie Baird | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In sum, nothing in Daniels' current motion for reconsideration calls for reexamination, let alone modification, of what was said in the Opinion. That current motion is denied. (12-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 12 2004 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 8/11/2004 | |
| SN | courtroom deputy's initials | 2004 AUG 12 AM 7:59 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.  )
SHEILA DANIELS #B07622,            )
                                   )
            Petitioner,            )
                                   )
    v.                             )   No. 04 C 1205
                                   )
CALLIE BAIRD,                      )
                                   )
            Respondent.            )

DOCKETED AUG 1 2 2004

MEMORANDUM OPINION AND ORDER

After this Court's July 21, 2004 memorandum opinion and order ("Opinion") had dismissed the 28 U.S.C. §2254 ("Section 2254") Petition for Writ of Habeas Corpus brought by Sheila Daniels ("Daniels"), her able counsel Sam Adam, Esq. filed a timely motion for reconsideration of that ruling. Although in doing so attorney Adam did not comply with this District Court's LR 5.3(b), which calls for the designation of a presentment date for any such motion, this Court sees no reason to require adherence to that procedure or to call for a response from Assistant Attorney General Domenica Osterberger, who handled the matter for respondent in the first instance. Instead this memorandum opinion and order will explain the reasons for this Court's denial of the motion for reconsideration.

At its core, the motion challenges this Court's holding that the action taken by the Illinois Appellate Court in People v. Daniels, 346 Ill.App.3d 350, 805 N.E.2d 1206 (1st Dist. 2004) ("Daniels III") has provided an independent and adequate state

13

ground for the rejection of Daniels' substantive contentions, thus barring federal habeas relief. In material part, this Court is said to be mistaken in having attributed any significance to Daniels' Miranda-based reference in seeking leave to appeal to the Illinois Supreme Court the first time around, assertedly without having first tendered the issue to the Illinois Appellate Court. And the Appellate Court in turn is again criticized in the motion for having reached its law-of-the-case conclusion in its second post-conviction review.

Although the Opinion did not frame the matter in just these terms, it is plain that the entire argument by Daniels and her counsel commits the same error of conflating differing theories of recovery with the concept of "claim for relief"-- which is the operative yardstick in federal jurisprudence--that our Court of Appeals has spelled out in NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992)(most citations omitted):

> Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action." The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. Bartholet v. Reishauer A.G. (Zürich), 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.
>
> One set of facts producing one injury creates one claim

for relief, no matter how many laws the deeds violate.
Plaintiffs could not litigate and lose a suit asserting
that American Family's redlining violates Title VIII,
pursue another asserting that redlining violates §1981,
and then crank up a third asserting that redlining
violates §1982.

Just so as to Daniels and her counsel, for in their view it is somehow permissible for them to urge allegedly unconstitutional activity of law enforcement officers as an asserted violation of one part of the Bill of Rights and then, with that argument having been judicially rejected, to bring a second attack in a different proceeding based on the selfsame activity by the selfsame officers as a violation of another part of the Bill of Rights. It was that effort to take a second bite at the constitutional apple on the identical set of facts that the Illinois Appellate Court in Daniels III, 346 Ill.App.3dd at 355-63, 805 N.E.2d at 1210-16 rejected on law-of-the-case principles--and that basis for rejection was, purely and simply, an independent and adequate state ground.

One additional and closely related point should be made. Daniels' current Motion at 2 argues that no effect should be given to this portion of her Petition for Leave To Appeal to the Illinois Supreme Court the first time around (back in June 1995), on the ground that denials of leave to appeal reflect no determination by the Supreme Court on the merits and hence "count[ ] for zero":

> The taking of Petitioner by the police from her home
> and her retention in the police station from 5:00 p.m.
> until 3:00 a.m., admittedly without probable cause, and

3

> without advising her of her <u>Miranda</u> rights, was a
> seizure and interrogation in derogation of the United
> States Constitution, Amendments IV, V, VI, and XIV, and
> of the Illinois Constitution, Article I, Sections 2, 6,
> 8, and 10, such as to render her 3:00 a.m. statements
> to a polygraph operator inadmissible.

That too misses the point. What the quoted excerpt reflects is <u>Daniels' and her counsel's own perception</u> of the scope of her originally-launched challenge to the admissibility of her inculpatory statements. It was that self-perception of which this Court spoke in Opinion at 7:

> It is thus undeniable that in <u>Daniels I</u>, represented by
> the same experienced and well-qualified criminal
> defense lawyer who is her attorney in this proceeding,
> Daniels treated her motion to suppress as a seamless
> and all-purpose attack, not as one splintered into
> segmented claimed constitutional infirmities (even if
> this Court were to leave aside the question whether
> such divisible treatment would be permissible without
> Daniels running afoul of preclusion principles).

And the Illinois Appellate Court surely cannot be faulted, as a constitutional matter, for having examined the earlier proceedings with care and having concluded that law-of-the-case principles applied.

In sum, nothing in Daniels' current motion for reconsideration calls for reexamination, let alone modification, of what was said in the Opinion. That current motion is denied.

*/s/ Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: August 11, 2004